UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

================================

| | | |
|---|---|---|
| DENIZ PITSKO, and DENIZ PITSKO on   : | | |
| behalf of JACOB PITSKO, a minor, and  : | | |
| DENIZ PITSKO, on behalf of      : | | |
| MICHAEL PITSKO, deceased,     : | | |
| Plaintiffs     : | | |
|      : | | |
| vs.     : | CASE NO. _____ | |
|      : | | |
| GORDON FOOD SERVICES, INC., and  : | | |
| THE HARTFORD, and the HARTFORD   : | JURY TRIAL | |
| LIFE and ACCIDENT INSURANCE CO.,: | | |
| Defendants     : | | |

================================

## **COMPLAINT**

**NOW COMES,** Plaintiffs, Deniz Pitsko and on behalf of Jacob Pitsko, a minor, and

Deniz Pitsko, on behalf of Michael Pitsko, deceased, by and through their attorney, Stanley J.

Brassington, Esquire respectfully shows this Honorable Court the following:

## **NATURE OF THE CLAIM**

1.      This is an action involving the Plaintiff's employee health benefits, specifically

benefits provided by, but not limited to the Consolidated Omnibus Budget Reconciliation Act of

1985 (COBRA), and the Employee Retirement Income Act of 1974 (ERISA), 29 U.S.C. Sections

1003 through 1371; and the Social Security Act, Title 20, Chapter III, Subparts D and E,

Sections 404.001 to 404.480, and pendant jurisdiction of  State Law Claims for Breach of

Contract and Tortuous conduct .

## JURISDICTION AND VENUE

2.      This Honorable Court has jurisdiction of the federal subject matter asserted here pursuant to U.S.C. Title 28 §1331 and §1343, which gives the district courts jurisdiction over actions that arise under the laws of the United States.  Also, jurisdiction of this Court is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and in particular, ERISA §§502(e)(1) and (f), 29 U.S.C. §§1132(e)(1) and (f) and other federal statutes herein claimed.  Those provisions give the districts courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan.

## VENUE

3.      Venue is proper under ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), in that the employee benefit plan that is subject to Plaintiffs' claims is administered in this District and/or the breaches described below occurred within the territorial limits of this District and/or a defendant may be found within the territorial limits of this District and conducts business in this district and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district under 28 U.S.C. Section 1391(b)(1) and (b)(2).

4.      This Honorable Court has supplemental jurisdiction over any question or claim in this action arising under the laws of the Commonwealth of Pennsylvania pursuant to the principles of pendent jurisdiction.

## **PARTIES**

5.      The Plaintiffs, Deniz Pitsko is the wife of Michael Pitsko, who was the employee of Defendant Gordon Foods Services, Inc, who was employed with Defendant Gordon Food Service, Inc. on 05/18/16 and subject to the terms and conditions of employment as obligated pursuant to the Employee Handbook, who on June 16, 2017 sustained a permanent injury. Michael Pitsko was enrolled in the Short Term and Long Term Disability under Gordon Food Service's health care plan administered by the Defendant The Hartford, and/or The Hartford Life and Accident Insurance Company (hereinafter 'Hartford'), specifically the Benefit Management Services Simsbury Disability Claim Office. Michael Pitsko selected the Defendant Employer's Health Care Plan, the Family Life Insurance Benefits and became totally disabled due to his work injury on July 16, 2017 and received benefits under the Pennsylvania Workers' Compensation Act through March 27, 2019 when he settled his workers compensation claim while continuing on his company's Long Term Disability Program. Michael signed a separation agreement from employment with the clause therein of a non-disturbance clause which did not affect his ERISA rights, including the employer's Long Term Disability Program benefits. Michael's ERISA benefits contained a premium waiver for his life insurance, pension, and disability income benefits for at the time of premiums were due, he was a participant in the total disability program and receiving benefits. Michael Pitsko deceased due to Covid-19 complications on February 6, 2022.  Michael Pitsko filed for and received Social Security Disability Benefits under the Social Security Act beginning  December 2017 which were deducted from the Long Term Disability Program benefits pursuant to the plan documents. Michael and his wife Deniz Pitsko were together as husband and wife the entire time.

Jacob Pitsko is the son of Michael and Deniz Pitsko, born August 24, 2013 and received Social Security Disability benefits as the result of the father's grant of disability and the Social Security Administration issued the depend Jacob Pitsko his own distribution as dedicated to the family's head of household inability to be gainfully employed while on total disability from any job. Defendant Hartford, over the objection of the Pitskos', also took Jacob's Social Security Benefit along with the father's own Social Security Disability income as a reduction from the Long Term Disability Plan payments administered by the Hartford counting such as household income.

6.     The Defendant, Gordon Food Services Inc., (hereinafter 'Gordon') is a food service distributer based in Wyoming, Michigan, organized and existing under the laws of Michigan, a Delaware incorporate entity File number 5686757, and authorized to do business in Pennsylvania, with its headquarters office located at 1300 Gezon Parkway S.W., Wyoming, Michigan 49509, and at the time of Michael's employment, the entity Gordon also performed business of the employer/employee relationship d/b/a GFS Holdings, Inc. or short for Gordon Food Service Holdings, Inc.

7.     The Defendant, The Hartford, and The Hartford Life and Accident Insurance Company (hereinafter 'Hartford'), is a publically traded insurance company in the State of Connecticut, with the Secretary of State incorporated File number 0279488 with the headquarters address of 1, Hartford Plaza, Hartford, CT  06155; and during transactions with the Plaintiffs, d/b/a, The Hartford, and the Benefit Management Services Simsbury Disability Claim Office, The Hartford.

## FACTUAL ALLEGATIONS

8.      Paragraphs 1 through 7 are incorporated herein as though fully set forth within this Count.

9.      Michael Pitsko began employment at Defendant Gordon Food Service on a full-time basis 05/18/ 2016 as a licensed CDL driver, and on July 16, 2017 sustained a disabling workers compensation injury which led to a Gordon Food Service settlement.  His last day he worked was November 30, 2017 and a response to the demand to provide copies of all ERISA Benefits and Waivers applicable to Life Insurances, Short Term and Long Term Disability programs,  COBRA benefits, which should have paid his ERISA Benefits. Michael signed this Gordon Food Service Separation Agreement on March 28, 2019 (see, Exhibit 'A') permitting that all Waivers of ERISA Benefits were in place while Michael Pitsko was continuously on workers compensation, and either short term Disability Benefits and on Long Term Disability Benefits until his death on February 6, 2022.

10.     During the period of time, pursuant to the company's plan, administered by Defendant Hartford, offsets were deducted from Michael's Long Term Disability to which Michael paid for a higher portion for his higher Long Term Disability Benefit payments, and then received the net deduction from his Social Security Disability monthly payments beginning December 2017 when the Administrative Law Judge for his Social Security Benefits, Title II award was ordered to begin.

11.     In addition, and with objection to the type of offset which Michael was forced to permit, was Hartford's deduction for the child Jacob Pitsko's Social Security due to the father

being under Disability benefits paid separately to Jacob under his disability criteria as a child

beneficiary. This child amount was deducted also from the father's Long Term Disability

Program under 'additional income' into the household pursuant to Hartford's claimed Plan.

12.     Michael Pitsko, selecting employee benefits upon beginning employment selected

the short and long term disability program, his health plan benefits, and life insurance under the

family plan.  Michael nor the wife, Deniz Pitsko had never been given a copy of the selected

benefits including Michael's COBRA notices, nor instructions for continuing his benefits and

even upon written requests, even though Michael had such costs of such benefits deducted from

his regular payroll check and were under waiver during his period of short term and long term

disability benefits, such request for a detailed list of his ERISA benefits were never issued as

required under ERISA.

13.     Hartford after the death of the employee Michael, issued the credit of the child's

deduction of monthly $1,998.02 (the separate social security benefits) representing the full

deduction taken which was improperly used as the offset from long term disability program

payment for the period of May 2022 through August 2022 with three months offset remaining

due and owing for February, March and April 2022.  Reimbursement was issued for a five month

period May through August 2022 by the Hartford.

14.     The minor Jacob Pitsko in December 2017 when the Social Security Benefits

began under the Child Beneficiary Benefits Program when this child was born August 24, 2013

was four years and four months old, and during the period when Michael's Long Term Disability

Benefits were payable to Michael from December 2017 through his date of death on February 6,

2022 the child's benefit of $1,998.02 monthly was used as an offset to the Hartford's Long Term

Disability Benefit payment for a period of five years and three months [total $125,875.26

offset]. Jacob was nine years old when his father deceased and such child benefits under the

Social Security Benefit Program continues to assist in the household under the disabled and

survivorship program to assist the member child in his living arrangements. During the period

December 2017 and February 2022, Michael's Long Term Disability Program (hereinafter

'LTD') had both his social security award plus his child Jacob beneficiary amount used as an

offset for payment of the increased amount paid for by Michael upon his employment for the

LTD program.

      15.     Michael Pitsko death never received the Gordon's or the Hartford's life insurance

benefits under the family life insurance plan selected by Michael during his original sign-up

during his employment benefits interview, nor had he ever received an explanation of benefits

under the ERISA requirements along with his wife Deniz Pitsko who requested those

explanations of benefits and never received the same, nor did Michael or his wife as a

beneficiary under the ERISA plans ever receive the notice of the election to continue such

ERISA Plan benefits.

      16.     The waivers as afforded under ERISA provisions, and the Gordon's own

obligation to institute the waiver provisions of payment for COBRA, the life insurance plan and

other employee benefits under the continuation of such benefits were in effect upon Michael's

grant of short-term disability and his long term disability continued such benefits until his death

on February 6, 2022, and thereafter the wife Deniz Pitsko should have been issued the ERISA

notice of the election to continue any ERISA Plan benefits under the Gordon's employment

obligations which at no time was such performed by Defendants Gordon or Hartford.

17.     Plaintiffs believe that one or more of the Defendants have failed to abide by the

ERISA statutes, that both Defendants have hid the obligation to pay out on the employees

selected life insurance, that their failure to provide notice of the employee benefits which were

contracted for my this Employee, that the waiver provisions of the ERISA benefits were

opportunistly overlooked, and the Social Security Administration Benefits to the child were

improperly used to reduce the ERISA benefits under the child's protected Disability Benefit

under Security Social's award of benefits under the child's own right.

## FIRST CAUSE OF ACTION

**(Claim for ERISA STD, LTD and LIFE INSURANCE Benefits and for
Clarification of Rights to Past and Future Benefits
Under the Terms of the Plan Benefits pursuant to
ERISA §'s 502(a)(1)(B), and 1003 through 1371)**

18.     Paragraphs 1 through 17 are incorporated herein as though fully set forth within

this Count.

19.     ERISA §503, 29 U.S.C. §1133, and 29 C.F.R. §2560.503-1 require every

employee benefit plan, including an employee welfare benefit plan, to follow certain minimum

procedures pertaining to claims for benefits and to provide "adequate notice in writing" to

participants whose claims for benefits under a plan have been denied.  29 C.F.R. §2560.503-

1(b)(5) requires that claims procedures contain administrative processes and safeguards designed

to ensure and verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, plan provisions have been applied consistently with respect to similarly situated claimants.  In addition, every employee benefit plan must afford a reasonable opportunity for participants to receive a "full and fair review" after a claim for benefits has been denied, where required documents, employee selection of benefits and appearances are due the employee and family of employees under the plan administrator's fiduciary relationship of transparency and obligations.

20.     By failing to uphold its determination to apply waivers as required and as indicated for STD, LTD, health programs, life insurance benefits to the employee Michael Pitsko with information and notices of election of benefits and applications on the plan description which began from Michael Pitsko's original membership in the employee benefit plan beginning 2016, and continuing through his last date of employment in March 27, 2019, by failing to appropriately consider the information provided to it, and by failing to provide information regarding the reasons for failure to apply properly the waiver of payment for the ERISA benefits upon qualifying for STD and continuing LTD and workers compensation under the disability provisions as an employee, specific to the Michael Pitsko's submission of his medical records and list of impairments, and supporting documents the reasons for his disability, Defendants responsibility for the plan administration, its acts, inactions and failure to properly review the Plaintiff's application for the waivers and application to his ERISA plan benefits, has violated ERISA §503, 29 U.S.C. §1133 and 29 C.F.R. §2560.503-1.

21.     Plaintiffs are informed and believes, and thereon alleges, that Defendants have also violated 29 C.F.R. §2560.503-1(b)(5) by making adjustments and/or changes to his STD, LTD, life insurance(s) or other insurance benefits under similar circumstances to those ERISA benefits to which Michael Pitsko, and ultimately his wife Deniz and minor son Jacob in violation of ERISA §503, 29 U.S.C. § 1133, and 29 C.F.R. 2560.503-1.

22.     Defendant( s) determination, and/or its agent, administrator, or assignor, is contrary to the documents and instruments governing the Plan, including terms and conditions, to which the Plaintiff(s), and the Employee began to participate in the plan, and paid premiums in support of the agreed to benefits.  Also and continuing, Defendant(s) determination is also inconsistent with the reasonable expectations of the Plan member, Michael Pitsko' and Plaintiffs to receive disability benefits under the Plan with the applicable waivers of premiums for the ERISA benefits granted to and based on initial elections of benefits.

23.     As a result of the violations of ERISA by Defendant(s), and /or its agent, administrator, or assignor, bases their denial on applicable provisions have damaged the Pitsko family for applicable benefits were improperly not disclosed, not noticed and were denied.

24.     Plaintiff is entitled to recovery pursuant to ERISA §502(a)(1)(B). 29 U.S.C. §1132(a)(1)(B), which permits recovery of benefits due under the terms of an employee benefit plan.

25.     Plaintiff is further entitled to a clarification of his rights to future and past benefits under the terms of the Plan pursuant to ERISA §502(a)(1)(B), 29 U.S.C §1132(a)(1)(B) from the date of Michael Pitsko's initial employment in 2016 through any modifications, changes, or

amendments for which this Employee paid premiums, to which the beneficiaries of such ERISA

Plan Benefits is the surviving spouse and their child Jacob Pitsko.

## SECOND CAUSE OF ACTION

### (Claim for Equitable Relief Under ERISA §502(a)(3), 29 U.S.C. §1132(a)(3))

26.     Paragraphs 1 through 25 are incorporated herein as though fully set forth within

this Count.

27.     Plaintiffs, Deniz Pitsko and Michael Pitsko, and their son Jacob Pitsko since

Michael Pitsko's work place disability and his application for STD and his subsequent LDT

during his entitlement of ERISA Plan benefits had an employee/employer relationship, and as the

basis of this employment relationship did have his employment benefits administered by

Hartford to which there existed a fiduciary relationship for the benefit of the Employee and his

family as provided in the Employer's assignment to administer these benefits.

28.     The employer Gordon breached its duty to supervise and administer its obligation

in the handling of the ERISA Plan, and Hartford breached its fiduciary duty to properly represent

the administration of the benefits which Michael Pitsko was entitled to receive, including the

dissemination of the benefits which Michael elected, the provision of notices timely required for

information to both Michael Pitsko and subsequently to Deniz Pitsko when the protection of the

wife's rights in conjunction with ERISA duties to which the wife was to be protected in the

separation of employment document to which Michael's ERISA rights were protected in

violation of ERISA §§ 502(a)(2), and 1132(a)(3), and 29 U.S.C. § 1109.

29.     Defendant Gordon and Hartford violated the provisions of the ERISA protections accorded by Statute to protect those benefits to which Michael Pitsko was entitled and to which the wife Deniz Pitsko was subsequently entitled to receive and to which the minor son Jacob Pitsko was deprived of his Social Security Disability Benefits were provided by the Social Security Act to receive in violation of 28 U.S.C. § 1132(a)(1)(B) and requests that in addition thereto, that equitable relief of money returned which were deducted as an offset against family income, plus the proceeds entitled to as a named beneficiary under the denied life insurance benefits.

In addition thereto, the attorney fees provided for the violation of the ERISA statutes, namely for the negligent oversight, the intentional and known oversight and the improper and planned denial of benefits under the Employer's plan.

# THIRD CAUSE OF ACTION

### Jacob Pitsko, a Minor, individually and represented by his mother, Deniz Pitsko's Claim for violation of improperly taking and classifying a child's Award of Social Security Disability Benefits as Income for Purposes of LTD distribution of Disability Monthly Payments

30.     Paragraphs 1 through 29 are incorporated herein as though fully set forth within this Count.

31.     Michael Pitsko, the father of Jacob Pitsko (hereinafter 'Jacob[s]'), at the time a minor in December 2017, born August 24, 2013 was four years and four months old when the Defendants Gordon and Hartford began subtracting Jacob's Social Security Administration's Disability Child Benefits of approximately $1,900.00 monthly [changed COLA for subsequent

years 2018 through 2022] which was taken by Gordon and Hartford in these round numbers for fifty (50) months of $95,000.00 deducted from the LTD payments as offset for the LTD plan considered as "income" to reduce the household's income along with Michael Pitsko's own Social Security Disability (SSD) monthly payment.

32.     The purpose of the Social Security Act where one (or two parents) are awarded Social Security Disability Benefits when a parent becomes disabled Social Security benefits help to stabilize the family's financial situation in an otherwise turbulent time, such payment to a child are specifically awarded to Jacob and not to be used to satisfy a family income offset obligation of the father and expected to be counted as income to the household. The U.S. District Court for the Third Circuit agrees in, *InRe Unisys Corp. Long Term Disability Plan ERISA Litig*, 97 F. 3rd 710 (3rd Cir.PA October 9, 1996), followed by *Bradley v. Liberty Assurance Co.*, 2011 US Dist. LEXIS 90081, found that the disabled person (here Michael Pitsko, the father and employee) was not entitled to receive the dependant's beneficiary allotment, but the property (payments) belongs to the dependant alone are not income to offset against the father's LTD benefits.

33.     The Defendants each knew this right of the dependant Jacob Pitsko, that his Social Security Beneficiary Benefit was not to be used in Michael Pitsko's offset, yet proceeded to take such deductions in violation of ERISA, and such attorney fees as permitted should be attached to the damages claimed for the minor Jacob Pitsko which is estimated to be $95,000.00.

## FOURTH CAUSE OF ACTION

### BREACH OF CONTRACT

34.     Paragraphs 1 through 33 are incorporated herein as though fully set forth within this Count.

35.     Michael Pitsko was an employee of Defendant Gordon from May 18, 2016 sustained a disabling work injury on July 16, 2017, was granted under the company's ERISA Plan short term disability and the long term disability after his work injury, and was awarded Social Security Disability beginning December 17, 2017, and was an employee until he settled his workers' compensation claim on March 28, 2019.  He maintained an employer/employee contract of employment during that entire time when the Defendant's ERISA Plan was in effect, including the waiver of ERISA benefits including his life insurance premiums, part of which Michael Pitsko was paying for the family plan at work. The wife Deniz Pitsko was the beneficiary of that contract of employment including the named beneficiary on the ERISA Plan's life insurance benefits.

36.     According to 29 U.S.C. §1132(a)(1)(b), a civil action may be brought:

(1) by a participating beneficiary;

(b) to recover benefits due to him or her under the terms of his or her plan, to enforce his or her rights under the terms of the plan, and/or to clarify his or her rights to future benefits under the terms of the plan.

37.     Defendants, the employer and the administrator of the plan breached their obligation to implement the Plan in accordance with ERISA requirements of fair and equitable

treatment of **'all'** beneficiaries, fulfilling their portion of the contractual duty to exercise diligence in complying with the statutory obligation to comply with the law and its implantation of the employment benefits of being an employee under the Plan.

38.     The Defendants had a contract with each and every employee, such as an employment contract, where workers were employed to perform work for honest benefits administered and paid by the Defendants, and such that the Defendants failed to perform under this contract of employment breached this contact permitting damages to be awarded for the harm caused by this breach as permitted by ERISA and the common law principles for breach under state law of Pennsylvania along with consequential damages arising therefrom.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A.     Payment for proceeds under the family life insurance policy elected by the employee, the husband of the Plaintiff and the father of the minor Plaintiff, pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B);

B.     Payment of sum of money taken from the minor Plaintiff's Social Security estimated to be and later determined the exact amount approximately $95,000.00 and distributed appropriately;

C.     For reasonable attorneys' fees and costs incurred by Plaintiff in the prosecution of this action pursuant to ERISA §502(g), 29 U.S.C. §1132(g);

D.      For further appropriate relief including but not limited to a declaration of her rights hereunder with respect to Plaintiff's payment and coverage terms and conditions for the known failure of the administration of the Plan and program paid by the employee Michael Pitsko and delivered to the wife here Plaintiff Deniz Pitsko.

E.      For prejudgment and post judgment interest on amounts awarded Plaintiffs; and,

F.      For such other relief as the Court deems fair and just.

DATE _06/15/2024_          BY: _____

LAW OFFICE OF STANLEY J. BRASSINGTON
Stanley J. Brassington, Esquire
120 East Main Street
Schuylkill Haven, PA  17972
Attorney for Plaintiffs Deniz Pitsko, and minor
Jacob Pitsko; and his father and Employee Michael
Pitsko

<u>V E R I F I C A T I O N OF DENIZ PITSKO</u>

I,    <u>Deniz Pitsko</u>  , the Plaintiff(s) in the within federal civil cause of action, hereby verifies that she has read the forgoing submitted to her by attorney Stanley Brassington, Esquire, and that the reading and contents are true and correct to the best of my knowledge and belief.   I also understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

_____
Deniz Pitsko, Plaintiff(s)

Date:___06.25.2024_____