# EXHIBIT A

## SEPARATION AGREEMENT AND GENERAL RELEASE

This Separation Agreement and General Release ("Agreement and Release") is made and entered on the date set forth below between GFS HOLDINGS, INC. ("Employer"), and MICHAEL PITSKO ("Employee").

The purpose of this Agreement and Release is to set forth the terms and conditions under which Employee and Employer terminated their employment relationship and completely and finally resolves all rights and claims between them.

In consideration of the mutual promises and terms and conditions stated below and contingent upon the timely receipt of the fully executed original of this Agreement and Release, Employee and Employer agree as follows:

**I.      SEPARATION DATE.**

Employee's employment with Employer terminated effective November 30, 2017. ("Separation Date"). All other Employer employee benefits, (does not include / refer to Long Term Disability, or Unemployment Compensation ) plans and programs and fringe benefits ceased as of the Separation Date unless otherwise noted herein.

**II.     PAYMENTS/BENEFITS.**

In consideration of the terms and conditions stated in this Agreement and Release, Employer will provide to Employee:

***Lump Sum Payment.  Lump sum payment of $100.00, less withholding required by law and any payroll deductions.***

Employee acknowledges and understands that the extra consideration listed above in Section 2 (a) is being paid to induce Employee to release any and all claims Employee may have, whether known or unknown, and Employer is not required to provide these payments or benefits under its normal policies and procedures. The payments shall be made within 30 days after the rescission period set forth below in the paragraph entitled "Rescission" expires. Nothing in this Agreement and Release shall be construed as impairing Employee's vested rights, if any, under any Employer-sponsored pension, 401(k) or ESOP, which rights will be governed

by the terms of the applicable plan(s). Employee is responsible for paying any and all taxes on amounts Employee receives as a result of this Agreement and Release.

### III. NON-ADMISSION.

This Agreement and Release shall not in any way be construed as an admission by Employer of any liability or wrongdoing of any kind to Employee, and none of the parties will ever contend that it does constitute such an admission.

### IV. GENERAL RELEASE OF ALL CLAIMS.

*Employee fully and finally releases, acquits and forever discharges Employer, its subsidiaries and affiliates and their respective directors, officers, employees, attorneys, agents and representatives, employee benefit programs/plans/trusts and their respective successors and assigns, and all persons acting by, through, under or in concert with any of them (collectively the "Releasees") from any and all actions, suits, claims, grievances files pursuant to any collective bargaining agreement, and liabilities of any nature whatsoever, known or unknown (hereinafter referred to individually as "Claim" or collectively as "Claims") against each or any of the Releasees, based upon Employee's employment by and separation from employment with Employer, and the acts, discussions and conduct of the parties predating, anticipated, contemplated, and/or giving rise to this Agreement and Release. Employee expressly hereby waives and relinquishes any Claim under Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. §2000e, et seq, the Americans with Disabilities Act, the Family and Medical Leave Act, the United States Constitution, Pennsylvania Human Relations Act, the Age Discrimination in Employment Act, or any other civil rights or human rights statutes or any other local, state or federal statute or ordinance, or any claims based*

*on bad faith or the handling of the Worker's Compensation claims, as well as any claims rooted in common law.*

*This Agreement and Release is intended to include all Claims that Employee does not know exist in Employee's favor at the time Employee signs this Agreement and Release and this Agreement and Release contemplates the extinguishment of any such Claim or Claims. However, Employee is not releasing any rights or claims that may arise after the date that this Agreement and Release is signed. This Agreement and Release does not prohibit Employee from filing an administrative charge or participating in an administrative investigation, hearing or proceeding. However, Employee waives and releases any right to receive any individual remedies or to recover any individual damages, fees, costs or disbursements as the result of any such administrative charge or complaint.*

V.      <u>COMPANY PROPERTY.</u>

Employee agrees that Employee will return to Employer all files, memoranda, documents, records, copies of the foregoing, credit cards, keys and any other property of Employer in Employee's possession. Any proprietary and confidential information and trade secrets that Employee received during Employee's employment that is not in the public domain shall be kept completely confidential and will not be shared by Employee with anyone.

VI.     <u>NO RE-APPLICATION</u>

Employee agrees that Employee will not knowingly apply for employment with or otherwise seek to be hired, rehired, employed or re-employed, assigned or reinstated by Employer or any parent, subsidiary or affiliate of Employer, including but not limited to any of its subsidiaries or affiliates and will waive any reinstatement or employment with these entities.

**VII.            CONFIDENTIALITY.**

Employee agrees that Employee will keep the terms of this Agreement and Release completely confidential, and, except as required in response to legal process, Employee will not hereafter disclose any information concerning this Agreement and Release to anyone (excluding Employee's attorney, tax advisor and spouse, who will be held to the standards outlined in this section), including, but not limited to, any past, present or prospective employee or applicant for employment of Employer, its subsidiaries and affiliates. Employee understands that this confidentiality provision is a significant inducement for Employer to enter into this Agreement and Release. This release would exclude any acts/actions/release, or disclosure by the Bureau of Workers' Compensation, or where the Claimant may be required to disclose Bureau of Workers' Compensation documents to comply with any agency of the government and/or benefits administration in order to exercise Employee rights to any benefit program.

**VIII.           VOLUNTARY AND KNOWING ACTION.**

Prior to signing this Agreement and Release, Employer specifically advises Employee to consult with an attorney for the purpose of reviewing this Agreement and Release and advising Employee of Employee's rights and obligations hereunder. Employee understands that Employee has 21 calendar days to review this Agreement from Employee's receipt of same. Employee may execute this Agreement and Release prior to the end of the 21-day period. Any changes to this Agreement and Release, whether material or immaterial, do not restart the running of the 21-day period. Employee acknowledges that in executing this Agreement and Release, Employee has not relied upon any representation or statement made by any of Employer's agents, representatives or attorneys with regard to the subject matter of the Agreement and Release, and that Employee is voluntarily, and without any coercion or duress, entering into this Agreement and Release.

**IX.            RESCISSION.**

Employee understands that, to the extent this Agreement covers the release of any claims of discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* based upon events occurring in the course of Employee's employment with Employer, Employee has the right to rescind this Agreement within 7 calendar days of Employee signing it.

Said rescission may be delivered in person or by certified mail, return receipt requested, and post-marked within the 7-day period, to:

> Mr. Anthony Harbison
> Human Resources
> GFS Holdings, Inc.
> 504 Advantage Way
> Aberdeen, Maryland 21001

This Agreement and Release shall not become effective and enforceable until the rescission period has expired. If Employee rescinds this Agreement and Release, Employee will not be entitled to the consideration paid to Employee to release any and all claims set forth above in the paragraph entitled "Payments/Benefits" above.

### X.     SUCCESSORS.

This Agreement and Release shall be binding upon and inures to the benefit of Employer and Employee and upon their respective heirs, administrators, representatives, executors, successors and assigns.

### XI.    ASSIGNMENT.

Employee represents that Employee has not assigned or transferred, or purported to assign or transfer, to any person or entity, any Claim or any portion thereof or interest therein.

### XII.   GOVERNING LAW.

This Agreement and Release is made and entered into in the State of Pennsylvania and shall in all respects be interpreted, enforced and governed by the laws of the United States and the laws of the State of Pennsylvania to the extent such laws are not in conflict with federal law.

### XIII.  MERGER.

This Agreement and Release sets forth the entire agreement between the parties and fully supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter hereof (with the exception of any non-compete agreement entered into between

Employee and Employer). This Agreement and Release may not be modified or canceled in any manner except by a writing signed by both Employee and an authorized officer of Employer.

XIV.     **COUNTERPARTS.**

This Agreement and Release may be executed simultaneously in two or more counterparts, each of which will be deemed an original, but all of which together will constitute the same instrument.

**PLEASE READ CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

Dated: 03/28/19

*[signature]*
MICHAEL PITSKO

GFS HOLDINGS, INC., LLC

By: _____

Title: _____